

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00501-CR

CORY LEE KNIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Appellant Cory Lee Knight appeals his conviction for failure to comply with the registration requirements for sexual offenders. We affirm.

On November 17, 2011, Appellant was indicted for the third-degree felony offense of failure to comply with the registration requirements for sexual

---

[1]*See* Tex. R. App. P. 47.4.

offenders.[2]  *See* Tex. Code Crim. Proc. Ann. art. 62.102(a), (b)(2) (West 2006). Appellant pleaded guilty without benefit of a plea-bargain agreement.[3]  As part of his guilty plea, the trial court gave him written plea admonishments, which included a judicial confession:  "I have read the indictment . . . filed in this case and I committed each and every act alleged therein . . . .  I am guilty of the instant offense as well as all lesser included offenses . . . .  I swear to the truth of all of the foregoing."  Appellant also signed (1) a statement that his plea was "knowingly, freely, and voluntarily entered" and (2) an application for community supervision.  The trial court requested a presentence-investigation report ("the PSI") and postponed determining Appellant's guilt and sentence until after the report was available.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (West Supp. 2012).

The trial court held a sentencing hearing on September 17, 2012.  At the hearing and as part of the PSI, Appellant explained that he had tried to comply with the reporting requirements, but was prevented from doing so because the registration authorities would not return his calls or give him accurate information about reporting.  The trial court found Appellant guilty and sentenced him to ten years' confinement; however, the trial court suspended imposition of sentence

---

[2]Appellant had been convicted of "indecent liberties with child" on November 13, 2002, in Onslow County, North Carolina.

[3]The State offered Appellant a five-year term of confinement in exchange for his guilty plea, but it appears Appellant refused this offer.

2

and placed him on community supervision for ten years. *See id.* art. 42.12, § 3. One of the terms of community supervision required Appellant to wear an ankle monitor. *See id.* art. 42.12, §11(a)(17). The trial court warned Appellant, "Do not, sir, repeat your same mistake. Whatever you have to do, you make sure you register, and you register at the appropriate time. Read the instructions and follow them carefully. You are an intelligent man,[4] and I expect you to act like one."

On September 20 (three days after the sentencing hearing), the State filed a petition to revoke Appellant's community supervision because he had cut off his ankle monitor and had failed to report to his community-supervision officer as scheduled. On October 12, Appellant filed a notice of appeal from the trial court's September 17 judgment.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed a pro-se response to the *Anders* brief. The State responded that it agrees with Appellant's attorney that the appeal is frivolous.

---

[4]Appellant was a senior in college at the time of the sentencing hearing and hoped to obtain a doctoral degree in economics.

3

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an examination of the proceedings. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and issues Appellant points out in his pro-se briefs. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). We are not required to address the merits of each issue Appellant raises in his pro-se briefing because to do so would deprive Appellant "of the meaningful assistance of counsel." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Only after our independent review is complete may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, Appellant's pro-se brief, and the State's response. We agree with appellate counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe*, 178 S.W.3d at 827–28; *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

4

PER CURIAM

PANEL:  GABRIEL, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 3, 2013